Case number 17-2122, Plastech Holding Corp v. WM GreenTech Automotive Corp, et al. Oral argument not to exceed 15 minutes per side. Noting Mr. Plevin for the movement. Good morning, Your Honors. May it please the Court, my name is Mark Plevin, and I'm here on behalf of the debtors, WM GreenTech and GTAI, who are the movements on this motion to state the appeal. We believe the Court should state this appeal for two reasons. First, we believe the case is automatically stated under the provisions of 11 U.S.C. section 362A.3. That provision bars Plastech here from proceeding against the non-debtor GTAC, because if Plastech were to appeal, the value of the debtors' claims in the pending Eastern District of Michigan case could be adversely impacted. This is not a matter of conjecture. Plastech has told us in the motion it filed in the Eastern District of Michigan case seeking a stay there, which we cited in our reply brief, that it intends to use a favorable ruling, a ruling in its favor in this Court, for the purpose of attacking the claims that the debtors have asserted there. Unlike section 362A.1 of the Bankruptcy Code, which requires that the debtor be a partner, 362A.3 has widely been interpreted as applying simply when the action that is being prosecuted has the potential to adversely impact the interests of the debtors and property of the estate. That was the ruling of the Ohio Bankruptcy Court in the Johnson case, and the Johnson case cites extensively to this Court's decision in National Century for the proposition regarding section 362A.3. So we believe this Court can simply recognize the applicability of the stay under that section and leave it at that. How is GTAC related to these companies? Aren't they all interrelated? They are related. I'm not sure which is the parent corporation. I think Mr. Shywright's declaration says that. I believe that WM Green Tech is the parent. GTAI is an affiliate, and they are two debtors. GTAC is not a debtor, and Mr. Shywright's declaration explains that that company was merged into another company. It was created as a shell company, but as a merger vehicle, simply to merge into the company that was being acquired. There was later a dispute that dispute was resolved by a rescission of the merger, but it's uncertain, at least in the eyes of Green Tech, as to whether the rescission of the merger reinstated the capacity or legal existence of GTAI. GTAI or GTAC? Excuse me, GTAC. I get that confused as well, Your Honor. I prefer to talk about debtors and non-debtors. Okay, and the non-debtor, which is GTAC, the other suit that exists, they're a plaintiff, right? That's correct, Your Honor, and in all candor, that's mistaken. Who's mistaken? It's a mistake of my client and or the counsel that filed that complaint. The counsel that has been released, he moved to withdraw? He was the plaintiff's counsel in the case filed in the Eastern District Convention. Yes, he moved to withdraw, and just yesterday the court scheduled a hearing on Monday, a telephonic hearing on Monday to consider that motion. So, although there's evidence that's been submitted that GTAC has no ongoing identity as a company, it apparently has pursued litigation as a plaintiff? It has, and that's what I'm saying is a mistake, and on behalf of the debtors, I can represent that if a motion were filed in the Eastern District Michigan case to dismiss the claims by the non-debtor, that the debtors would not oppose that, and the non-debtor at this point, if the motion to withdraw as counsel is granted, they won't have counsel, so I don't know that they would be in a position to oppose that either. I don't think I can represent to the court that the non-debtor can move itself. As I said, I think my client believes that the company doesn't really exist and they don't have control over it, and so they can't necessarily, or at least they're uncertain as to whether they have control over it, and that's why they're not sure that they can file a motion. So, if they're not, they don't actually exist, and one of your arguments is that there's no one with a stake in the outcome of the litigation in this court other than the debtors, your clients, but they're asking for the automatic stake. So, I mean, is your argument that we lack sufficient adversariness in order to proceed? I suppose that's one way of putting it. The way that I see it is that there is no one here, assuming that the stake isn't lifted as to the debtors, there is no one in this appeal who has a stake in the outcome on the appellee's side who will come to this court and provide arguments, yet a ruling by this court would be binding, in effect, on the debtors, whether it's binding as a matter of res judicata or just binding as a matter of this court's precedent. The debtors will be bound by that ruling without having appeared in this court to provide their input and their views, and that's why the second reason I would say the court should stay in the appeal is just out of, as a matter of equity in judicial administration, you should not be deciding the rights of the absent debtors without their participation when the only party who's appearing here, or even has the ability to appear, is someone who has no stake and no money. It just seems to be unfair, and that ties back into the 362A3 point, because if you were to take an appeal where it's Plaztec against a non-debtor, and you were to make a ruling in Plaztec's favor, that would affect property of the debtors' estate, because, as Plaztec has told the Eastern District of Michigan Court, they would then use such a ruling to argue that the Eastern District of Michigan case ought to be dismissed or limited. And that is a textbook example under 8.3 as to why this case ought to be stayed. And as I said, the National Century case of this court supports that. And the automatic bankruptcy stay means that you don't have to defend litigation against you, but you can still pursue your claim in the Eastern District of Michigan. That's correct. So why isn't it, I mean, you're saying it's inequitable this way, why isn't it inequitable the other way? Because if we don't hear this case, right now there's a judgment from the district court below, it's on appeal that says that Plaztec acted in bad faith, and presumably that would have an effect in your litigation in the Eastern District. I mean, that's their argument anyway. Right. So you're both trying to get something with respect to the Eastern District litigation. Your Honor, what I would say is that to the extent there's an inequity, it's because Congress decided to structure the automatic stay that way. Congress could have enacted an automatic stay provision that barred debtors from asserting affirmative claims. They did not. But one way to look at the inequity is I recognize you're saying that GTAC was improperly in that suit, but in our review of it is they remain in that suit. So you're asking us to let a non-debtor, outside the purview of Congress and the bankruptcy code, this case be stayed with regards to the non-debtor. We're happy to stay, obviously we have to stay with regards to the debtors, but let that same non-debtor pursue litigation against them. Plaztec. I recognize that, Your Honor, and that's why I said it was a mistake. I don't know how... But you don't represent them, so it's hard for us, right? You don't represent GTAC. I do not represent them, that's correct. But as I said, the 83 stay also applies here. But you could also, correct me if I'm wrong, go to the bankruptcy court and get the stay against you all lifted and argue this case. We could, and that's an interesting point, is Plaztec also, and this goes to the inequity point that Judge Larson raised, Plaztec also has the ability to go to the bankruptcy court. Section 362D of the bankruptcy code allows a non-debtor to go move the stay, to move to lift the stay. Plaztec chose not to do that, and moreover they have filed a proof of claim in the bankruptcy court asserting the very same claims that were dismissed by Judge Goldsman. And so they apparently have submitted to the jurisdiction of the bankruptcy court and made an election to proceed there against the debtors, and that's a place where this can all be ironed out. If they really wanted to be here and to litigate this in a fair way against the appellants who have a stay, or rather the appelees who have a stay, they could have moved to lift the stay in the bankruptcy court. In fact, they still could do that. And I would say that if this court were to stay this appeal on the grounds that we've asked for, and then they get the stay lifted, it would then be fair to schedule oral argument and move forward on the merits. But under these present circumstances, that's not possible. So with respect to the Eastern District litigation, if currently there's a judgment imposing sanctions and dismissing a lawsuit against Plaztec, they would like to get rid of that because it says they acted in bad faith. But if we were to issue the stay of this case, is it your position that there would be no conclusive effect from the district court judgment in the Eastern District litigation because it's still pending on appeal, so it's not a final judgment, so it couldn't have conclusive effect? My understanding of federal law is that a district court ruling that is on appeal does have conclusive effect. It does have conclusive effect. That's my understanding. All right. We'll hear from your adversary, Mr. Sterling. Thank you, Your Honor. Today, at Peace of Court, my name is Matthew Hellman. I'm here today on behalf of the appellant in the case who responded to the motion, Plaztec. I think the court's questions this morning actually get right to the heart of the matter. We've heard about the muddied claims about the existence or non-existence of GTAC, which are aired to this court in a declaration submitted to a reply on a motion on appeal after that entity was a plaintiff in a different action below against my client and apparently for several years continued to litigate the district court matter that's on appeal in this case without ever bringing to any court's attention that it supposedly no longer exists. My friend on the other side makes arguments in his brief and I think today in court about the equities and the practicalities of what's going on. Those practicalities and equities which inform this court's exercise of its state powers favor going forward, and that's for two reasons, intertwined reasons, I suppose. The first is this appeal has to be resolved before the bankruptcy can be finally resolved and before the new action in the Eastern District can be resolved. That action is barred on many grounds, but at a minimum if this court were to reverse the merits of this case, that new action could not go forward. The second reason, intertwined, why you should proceed is it will not make a width of difference, not an iota of difference, whether or not the Greentech debtors have a debtor status and it's GTAC that's before the court or the stay were lifted and the others were there. These are all commonly owned and operated entities. You can look at paragraphs one through three of the complaint that GTAC and the other Greentech entities filed below and coded in our brief. Commonly owned and operated. They've been commonly represented. There's no difference to the argument in an argument this court would hear if it is GTAC, nominally GTAC, or if it were to move to the bankruptcy court and let it stay and get the debtors here. The relationship between those companies is complex, and frankly if you read what's been submitted to this court, there are inconsistent accounts. You've heard that GTAC no longer exists. You've heard that it exists but it's merely a shell company, and you've seen it as a plaintiff, alive and well, groupers of its staff greatly exaggerated in a recent action. So if you're looking at the practicalities and inequities about what this court should do, the normal reason why you would say let's have a stay because the debtors are debtors and they won't be able to defend themselves or their interests, that reasoning simply doesn't apply on the facts of this case and the situation that this case presents where all of these are controlled by the same person and entity, Mr. Sheree, who, as I said, submitted a late-breaking declaration. On behalf, explain to me what GTAC's situation is. If you want any further proof that GTAC is controlled by my friend's clients, it's that declaration. Why not pursue in the bankruptcy court what your opponent or colleague suggests, which is you can lift the stay and, he says, although you can answer, that you filed the claim here? Absolutely. We did file a proof of claim, a $35 million claim that represents the value of our claims, which we very much believe should be allowed to proceed in the district court. That claim was wrongly dismissed. I know we're not here on the merits, but we look very forward to presenting that argument. So why not file the proof of claim or why not file the move to stay? The simple answer is we didn't expect GTAC or any of the green-tag defendants to oppose this case going forward. They filed for bankruptcy on March 6th before the reply brief in this case was due. They said nothing about seeking to postpone, limit stay, otherwise curb this court's consideration of the merits until May 17th. There's silence on that. If they had gone in on March 7th and said the 6th Circuit needs to stay, of course we would be right there in the bankruptcy court saying lift the stay. In the bankruptcy court, I feel quite confident we would because that bankruptcy can't be resolved until this court. But you could still go there now. We could still go there now. That's true. Why would you do that? I'm just asking why you haven't done that, like maybe you would file on both fronts, see if you can get relief from whatever form will give it to you. Well, it's really just a matter of timing, Your Honor. This was such a late-breaking request by the green-tag defendants that we have this argument date set. We're here. We don't think that there's any reason for this court to stay its hand or stay in this case. But, you know, my friend on the other side opposes an alternative measure. I think he said he would like 60 days to go to the bankruptcy court and ask them to extend the stay, which is something the bankruptcy court is in power to. And, frankly, the entity that's most familiar with and also able to take fact-finding is between these entities. And if they did that, we would counter-move and ask to lift the stay, which would be granted as quickly as the bankruptcy court could, I think, because, again, this is the only competent court in the country to review the decision of the district court. Well, is it in your client's interest at this point to proceed against GTAC only since there seems to be great uncertainty about GTAC's status? We feel confident that we would be able to, at some point, lift the stay if necessary to pursue claims against us. Well, I mean, we're looking at this from a practical matter. Yes. You haven't gotten the stay lifted. We are going to give effect to that stay. So what do you get if you go forward in litigation against GTAC only? What if we set the argument on the merits? And, you know, what's going to happen then? I mean, is it – I'm just not sure I see the obvious benefit to your client if GTAC has no corporate existence or no assets or no – I mean, you know, you're trying to correct the problem, the finding that happened to you, but, you know. I understand your question. Here is our thinking. The ruling below on the merits is wrong and of great dissatisfaction and unhappiness to our client. If we get this – and I hope that we do – that ruling reversed, we're a long way from any judgment against anybody at that point. We still have to go back to the trial court. There would have to be a trial. This case was sort of cut off right before and the termination on the merits. You have to go through all of that. Well, in the absence of a meaningful adversary, how are we supposed to resolve the issue that the district court resolved not in your favor? In terms of the absence of a meaningful adversary, I feel quite confident, and it's not just my suspicion, but actually what my friend on the other side says in his papers. If this were to go forward, they ask as an alternative ruling from this court, give them 60 days and GTAC will be here. So GTAC will be represented and the positions of the GTAC entities will be there. Now, your question is, could we ever – oh, I'm sorry. No, so there's no realistic possibility – I mean, I should not ask this question to you, but your thought is there's no realistic possibility that GTAC is not represented in this court. I say that based on experience and what the GTAC entities have submitted to this court. Yes, that's correct. Now, you ask, will that just be an empty judgment? Will there be anybody to collect against? Why would we want to go forward with that? And the answer to that is reversal doesn't give us a judgment in our favor. But it allows you to pursue a claim in the district court against a defunct entity or an entity with no assets. An entity that is claimed to have no assets. Okay. And if we're talking about that timeframe, yes, as a practical matter, we would move to lift the stay to pursue the entity. But the real action is in the Eastern District of Michigan where you're the defendant. That's also true, Your Honor. And so let me ask you the same sort of pro-question that I probably know the answer to. So the district court judgment against you would have a preclusive effect in the Eastern District of Michigan even if there is a current appeal pending that we were to stay it. So it would be on appeal, but it would still be considered a final judgment for preclusive purposes in the Eastern District of Michigan. Was it or no? You know what is, I hope this is responsive to your question. We've moved to dismiss this new claim on the ground that it is a claim that the district court did not allow to bring as a counterclaim in the action that's on appeal here. They said, okay, well, if we can't bring it as a counterclaim, we'll just file a new action. We argue that's claim splitting. It should be dismissed on the version to dismiss. That remains pending. It stayed in that court. The question Your Honor is asking is if for some reason we lose that. And I think the fed court's question I'm definitely able to answer is we're right on that. If for some reason we lose that, is the finding of that somehow conclusive in the new action? That's one, I don't know the answer to that question. I think we would want to preserve the ability to say that it's not. But it matters, right? Because if we're thinking about the equities, I mean, whether to stay this appeal is a matter of equity. And so if we're just thinking about the equities, much of the action seems to be taking place in another court, the Eastern District of Michigan. And your claim is I've got this bad faith ruling against me from a district court here that's on appeal to this court, and that's going to hurt me in the Eastern District. And they, I think, say, yeah, it's going to hurt you and it should hurt you. If it's not going to hurt you one way or the other, that's a relevant fact that I'd like to know. Can I ask them to tell us whether it has to do with that? I'd like to know the answer. Whatever you want to. I mean, can you let us know the answer to that question? If you don't have it off the top of your head? Of course we have to submit something promptly on that question. I think the predicate question to that, and one reason why you ought to go forward is, even if it were technically, or there were an argument for reclusive effect, and I don't want to concede that here, I'm not conceding that here, the reclusive effect wouldn't be as good as this appeal is. Once this court acts, as we hope, overturns that finding, then everything has to, any finding against us based on that ruling is wrong. So if you win here, then obviously you're good here and you're good in the Eastern District. Correct. But if you lose here, then that's the problem. We win for other reasons, but I understand the question Your Honor is asking, and I would appreciate the chance to submit something on that if that's helpful. But I think that, with respect, I don't think that that should, even if I came back and said yes, it's reclusive, which I suppose would help our argument for you to proceed, but maybe hurt our argument down in the Eastern District. Yeah, sorry. That's why I wanted to be careful before I answer. I think you should go ahead, because right now, one, there's a bad faith finding against my client that's wrong in our submission, and this court ought to review it. And two, whatever the reclusive effect is, and maybe this is enough to answer your question, it ends the moment this court issues its order, entering judgment, or asking for ordering the District Court to reverse. So one way or the other, this court has to rule for that Eastern District. The new action can be resolved if we don't win on some other ground. And one way or another, this court needs to rule before the bankruptcy can be resolved. And I appreciate the – so is that responsive to your question? Yep. All right. All right. So I think I've covered the points that I hope to cover this morning. If there are any further questions from the court, I'd be happy to answer them. Thank you. Thank you very much. Thank you. Picking up on what Judge Gibbons said about practicality, I think you need to think about what happens if this appeal is not stated. We have a District Court ruling on review that found that Plastec is in bad faith for committing fraud on the court. Is there a preclusive effect? As I said before, I believe the judgment is preclusive until it's reversed. And so the problem is – So if we stay it, you can use it as a sword, and they can't. They have no shield. Their remedy is to get the stay lifted and bring the debtors into this court and get the appeal proceeded. But we could – So what happens if we grant your motion to stay as to your two clients but proceed with GTAC since GTAC's in both suits? Well, that's where I was going with the practicality point. First of all, as I said, I think it's stayed by Section 362.83 even as for GTAC. But if you move forward, and let's say you reverse. Let's say you find that Judge Goldsmith erred in finding this was bad faith. That has, as Judge Larson's questioning showed, an impact on the debtors' claims in the Eastern District of Michigan case, and yet they would not have been here. But wait. Let's say we don't have our – You fully briefed this after the bankruptcy, as your opposing counsel points out, right? Well, they didn't. Well, former counsel did. I believe the reply brief – I may be wrong on the timing. I believe the reply brief was filed after the bankruptcy, but not – That's what he said. Okay, so that's consistent with what he said. So we've got it fully briefed by the parties who were all at the time vested in this litigation and did not have a pending bankruptcy. And even when they did, they filed the reply brief. Why shouldn't we just decide it on the briefs that no one's prejudiced because you all are here, they're not here. We'll just decide it. Everyone's given us their piece. We won't take argument on it, and we'll decide it. My short answer is Section 362.83 of the Bankruptcy Code in this Court's decision in the National Center. So the position would be that the automatic stay precludes Plastex proceeding against you in any way in this Court, even to the extent of this Court's issuing a decision without any other affirmative action by the parties. That's correct, Your Honor. That's our view. And, you know, it's because of the practicality point that you raised before. Judge Goldsmith's ruling cannot be disaggregated. You cannot – Your initial argument was – and I know you cleaned this up in your reply, and I may butcher this – was we'd be prejudiced down below, but if we reverse – let's just assume we reverse – it goes back to the District Court. You can stay it there, correct? But then it gets rid of the preclusive effect, so the sword-shield problem isn't – and that assumes – I mean, I haven't even looked at the merits. That assumes that the merits are on Plastex's side. The debtors are plaintiffs in the Eastern District of Michigan action, and so there's no stay. There is a motion – Your Honor, a motion – But below, if we were to reverse so that their trial could go forward – not the Eastern District of Michigan. I mean, that's also Eastern District. But the case that is before us on appeal. If we were to reverse the sanctions against Plastex so that the Plastex suit could go forward, it still wouldn't go forward, or maybe it wouldn't. I mean, you could then make these same arguments to the District Court about how the case didn't go forward. Right, and you would have, in effect, as a practical matter, reversed the judgment as to the debtors, even though they are protected not only by the 8-3 stay, but by the 8-1 stay. And is there no – and this is my last question – is there no case where a court of appeals has been presented a case, someone then goes into bankruptcy, one of many pardons, or one of some pardons, and the court decides the case anyway? We looked for that, Your Honor, when we wrote our motion. The two closest cases we found were the Coin Lab case and the Revolutions case, which were both District Court cases, where the facts were essentially the same as the facts here. And the court, in both cases, decided, of its own volition, to stay those two. Thank you both for your argument. We will figure out what to do. Thank you, Your Honor. Thank you. This Honorable Court is now adjourned.